See *v.* Zabriskie.

CORNELIUS S. SEE, assignee, appellant,

*v.*

· JACOB A. ZABRISKIE, respondent.

1. The orphans' court has no power to relieve a debtor who has assigned his property under the act " to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors," against the action of the assignee in including in his inventory property of the debtor which does not pass by the assignment.    Relief can only be had in this court.

2. Under a gift by will of income to a man and his wife for life, each is entitled to one-half of the income.

Appeal from an order of the orphans' court of Hudson county.

NOTE.—Under a bequest to executors to invest a moiety of an estate and to pay the interest annually to E., and if E. should die without children, then to pay such interest " to T. B. and R., his wife, and their children," E. died childless, after the testator, in 1826.    R. was divorced

See *v.* Zabriskie.

*Mr. John Linn*, for appellant.

*Mr. M. Bretzfeld*, for respondent.

THE ORDINARY.

This appeal brings up for review an order made by the Hudson orphans' court, on the application of the respondent, striking from the inventory filed by the assignee, under an assignment made by the respondent under the act "to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors," the following item: "Income from the estate of Albert Zabriskie during the life of Jacob A. Zabriskie." The respondent made the assignment after the death of his father, the above-named Albert Zabriskie.

---

from T. B. in 1829. *Held*, that R., *being named*, had a vested beneficial interest which could be enforced during coverture, and that it was not affected by the divorce. *Bullock* v. *Zilley*, *Sax.* 489.

Under a bequest to A. and his wife, they take one share together, thus, all the residue and surplus of an estate given " to A., B. and C., and the wife of C., equally to be divided amongst them, share and share alike," *Held*, that C. and his wife shall have but one-third. *Bricker* v. *Whalley*, 1 *Vern.* 233.

Under a bequest to A., his wife and children, there being three children, *Held*, that the fund must be divided into four shares, of which A. and his wife take one. *Atcheson* v. *Atcheson*, 11 *Beav.* 485 ; see *Atty. Gen.* v. *Backus*, 9 *Price* 30, 11 *Price* 547 ; *Atty. Gen.* v. *Burney*, 3 *You. & Jer.* 531.

A deed of land to H. S. and J. H. and L. his wife, and their heirs, as tenants in common and not as joint tenants, *Held*, to convey one moiety to H. S. and the other moiety to J. H. and wife. *Johnson* v. *Hart*, 6 *W. & S.* 319.

A deed to a husband and wife and to six of their children, naming them, *Held*, that the husband and wife together took one-seventh. *Barber* v. *Harris*, 15 *Wend.* 615.

Under a bequest "unto and amongst J. C. and C. his wife and W. L., in equal shares and proportions," *Held*, to give one moiety to J. C. and C., his wife. *Wylde's Case*, 2 *DeG. M. & G.* 724.

Where a testatrix gave, &c., equally between her brother, her sister and her "nephew W. and E. his wife" (E. being a niece of the testatrix), *Held*, that W. and E. each took one share. *Warrington* v. *Warrington*, 2 *Hare* 54.

So, that the "estate may be equally divided, share and share alike, [between] Mrs. M., Mr. and Mrs. W. and children, likewise H. H.," *Held*, that Mrs. W. was entitled to an equal share of the proceeds, as

The respondent obtained a rule of the orphans' court requiring the appellant to show cause before that court, on a day designated, why the item should not be struck out. That rule was subsequently made absolute; the court ordering that " the item contained in said assignment, referring to the income of the estate of Albert Zabriskie, deceased, during the life of Jacob A. Zabriskie, be stricken from said assignment," and the item was thereby " declared null and void and of no effect." The intention of the court, in making this order, was to adjudge that the income in question did not pass by the assignment, and they intended, therefore, to strike the item from the inventory. The income was given to the assignor by the will of his father, by which the testator gave to his executors all his

tenant in common with her husband and her children living at testator's death, and with Mrs. M. and H. H.  *Paine* v. *Wagner*, 12 *Sim.* 184.

It was held in *Barncord* v. *Kuhn*, 36 *Pa. St.* 383, that a conveyance of land by a father to his daughter and her husband, which was intended as an advancement or gift to the daughter, vested no estate in the husband, except as trustee for his wife. See *Stoebler* v. *Knerr*, 5 *Watts* 181.

In partition, a conveyance to a husband and wife of her interest, will constitute the husband merely the trustee of the wife. *Stehman* v. *Huber*, 21 *Pa. St.* 260.

At common law, by a conveyance or devise of lands to A. and his wife, the survivor will be entitled to the whole of the estate. *Den.* v. *Hardenbergh*, 5 *Hal.* 42; *Den.* v. *Gardner*, *Spen.* 556; *Thomas* v. *DeBaum*, 1 *McCart.* 37. The quantity of the estate does not affect their interests, thus, the rule as to the right of survivorship is the same in a life estate. *Den.* v. *Hardenbergh*, 5 *Hal.* 42, 44; *Price* v. *Price*, 5 *Ala.* 578; *Burnley* v. *Thomas*, 63 *Mo.* 390; *Todd* v. *Zachary*, *Bus.* (*N. C.*) *Eq.* 286; see *Den.* v. *Gifford*, *Coxe* 197.

Under the following bequest: " I give and bequeath to my daughter C., married to S. M., the eighth part of my estate, to them," *Held* to be a bequest to the husband and wife, to which the husband, surviving the wife, is entitled. *Hamm* v. *Meisenhelter*, 9 *Watts* 349.

If real estate is conveyed *in trust* for a man and his wife and her heirs, the husband, upon the death of the wife, will take the benefit of the trust by survivorship. *Davis* v. *Davis*, 30 *Vt.* 440. CONTRA, *Wilson* v. *Fleming*, 13 *Ohio* 68.

Real estate was devised to E. and others in trust for E. and his wife and their children for their joint lives, with a devise over. *Held*, that E.'s equitable estate merged in the legal, and was subject to execution for his debts. *Bolles* v. *State Trust Co.*, 12 *C. E. Gr.* 308.

*It seems*, that by express words a husband and wife may be made tenants in common. *McDermott* v. *French*, 2 *McCart.* 78; *Hicks* v. *Cochran*, 4 *Edw. Ch.* 107; see *Hoffman* v. *Stigers*, 28 *Ia.* 302. CONTRA, *Dias* v.

See v. Zabriskie.

personal estate in trust, first, to pay his debts and funeral expenses and provide a suitable tombstone for his grave, and, secondly, to pay from the income thereof all taxes which might be imposed on his real and personal estate, and, in the third place, to pay to his son, the respondent, and Lavinia, the respondent's wife, the remainder of the interest and income, during the full term of their natural lives. The will subsequently makes disposition of the principal.

The questions which occur in the consideration of this appeal are, whether the orphans' court had power to make the order appealed from, and, if so, whether their adjudication was correct. The act confers on the orphans' court no power, in express terms, to amend either the inventory annexed by the debtor to the deed of assignment, or that

---

*Glover*, 1 *Hoff. Ch.* 71; *Stuckey* v. *Keefe*, 26 *Pa. St.* 397; *Hart* v. *Johnson*, 2 *Pa. L. J. Rep.* 340, 6 *W. & S.* 319; see *Whitcher* v. *Benton*, 48 *N. H.* 157; *Moore* v. *Moore*, 47 *N. Y.* 468.

Where a husband and wife both contribute to the purchase of a chattel, they are tenants in common. *Chambovet* v. *Cagney*, 3 *Jones & Sp.* 474.

A husband, by purchasing an undivided one-half of lands, becomes a tenant in common with his wife holding the other undivided one-half by devise. *Howe* v. *Blanden*, 21 *Vt.* 315.

In regard to survivorship, the rule as to *chattels* is the same, thus, a promissory note given to a man and his wife, will go to the survivor. *Borst* v. *Spelman*, 4 *Comst.* 284; *Sandford* v. *Sandford*, 45 *N. Y.* 723; *Richardson* v. *Daggett*, 4 *Vt.* 336; *Pike* v. *Collins*, 33 *Me.* 38; *McMillan* v. *Mason*, 5 *Cold.* 263; *Abshire* v. *State*, 53 *Ind.* 64; *Shields* v. *Stillman*, 48 *Mo.* 82; but see *Polk* v. *Allen*, 19 *Mo.* 467.

The rule is the same as to a bond so given. *Coppin* v. ———, 2 *P. Wms.* 497; *Dunstan* v. *Burwell*, 1 *Wils.* 224; *Draper* v. *Jackson*, 16 *Mass.* 480; *Briggs* v. *Beach*, 18 *Vt.* 115; see *Steward* v. *Chance*, *Pen.* *827.

Or a mortgage. *Deare* v. *Carr*, 2 *Gr. Ch.* 513, 517.

Interest received by a husband and wife upon a bond given to them jointly, goes to the survivor. *Laprimaudaye* v. *Teissier*, 1½ *Beav.* 206.

Also the certificate of a joint deposit in a savings bank. *Orphan Asylum* v. *Strain*, 2 *Bradf.* 34; see *Marshal* v. *Crutwell*, *L. R.* (20 *Eq.*) 328.

So, as to a joint certificate of stock in a corporation. *Dummer* v. *Pitcher*, 5 *Sim.* 35; *Craig* v. *Craig*, 3 *Barb. Ch.* 76.

A recognizance for a wife's share of land, taken in the name of the husband and wife, survives to the wife. *Lodge* v. *Hamilton*, 2 *S. & R.* 491.

So, a judgment recovered by a husband and wife on a joint bond to them. *Schoonmaker* v. *Elmendorf*, 10 *Johns.* 49; see *Oglander* v. *Baston*, 1 *Vern.* 396; *Deare* v. *Carr*, 2 *Gr. Ch.* 513, 516.

Also, a decree in chancery. *Adams* v. *Lavender*, *M'C. and Y.* 41.

The personal estate of a son dying without issue, which passes to his father and mother absolutely, survives to the mother, like other choses

See v. Zabriskie.

which is filed by the assignee in the surrogate's office. It gives to it, however, jurisdiction over the proceedings, and that grant includes the power to allow or require additions to the inventory of the assignee, and to permit the correction of mistakes therein. It is obviously proper that the power should exist. The orphans' court is to pass upon the accounts of the assignee. The inventory is the basis of the charges against him. The amount of his bond depends upon the valuation of the property with which he charges himself in his inventory. If the inventory be defective, the parties interested in the estate should have the power to cause it to be corrected. In the case before me the application was made by the debtor. It was undoubtedly entertained on the ground that it was the duty of the court to relieve the

in action, if not reduced into possession by the father. *Frankenfield* v. *Gruver*, 7 *Pa. St.* 448.

A right of action on a breach of covenant for repairs, in a lease given to a husband and wife for lands of the wife, survives to the husband. *Pender* v. *Dicken*, 27 *Miss.* 252; see *Hill* v. *Saunders*, 7 *D. & R.* 17; *Jacques* v. *Short*, 20 *Barb.* 269.

And, *it seems*, it is immaterial from whom the consideration proceeded. *Sandford* v. *Sandford*, 5 *Lans.* 486, 495, 45 *N. Y.* 723; *Lux* v. *Hoff*, 47 *Ill.* 425; *Johnson* v. *Lusk*, 6 *Cold.* 113. The husband cannot alone discharge it. *Trimble* v. *Reis*, 37 *Pa. St.* 448; *McKinney* v. *Hamilton*, 51 *Pa. St.* 63.

Husband and wife must join in an action to recover possession of land which was conveyed to them both for their natural lives. *Wentworth* v. *Remick*, 47 *N. H.* 226; *Allie* v. *Schmitz*, 17 *Wis.* 169; see *Taylor* v. *Knapp*, 25 *Conn.* 513. But ejectment was maintained by a husband alone on his own demise of lands conveyed to himself and wife. *Topping* v. *Sadler*, 5 *Jones* (*Law*) 357.

A decree of divorce does not affect the right of survivorship. *McCollum* v. *McCollum*, 1 *Heisk.* (*Tenn.*) 565, note; *Beach* v. *Hollister*, 5 *Thomp. & C.* (*N. Y.*) 568, 3 *Hun.* 519; *Ames* v. *Norman*, 4 *Sneed* 683; see *Bullock* v. *Zilley*, *Sax.* 489; *Vreeland* v. *Ryno*, 11 *C. E. Gr.* 160, 12 *C. E. Gr.* 522.

There can be no partition of lands so held. *Den.* v. *Gardner*, *Spen.* 556, 562; *Thornton* v. *Thornton*, 3 *Rand.* 179; *Chandler* v. *Cheney*, 37 *Ind.* 391; *Miller* v. *Miller*, 9 *Abb.* (*N. S.*) 443; *Frissel* v. *Rozier*, 19 *Mo.* 468; see *Hoffman* v. *Stigers*, 28 *Ia.* 302; *Moore* v. *Moore*, 47 *N. Y.* 468.

During the joint lives of husband and wife, the *interest* on a bond given to them will be paid to the husband. *Atcheson* v. *Atcheson*, 11 *Beav.* 485; see *Bullock* v. *Zilley*, *Sax.* 489.

*It seems*, that the husband may demise, alien or mortgage his interest during his own life. *Den.* v. *Gardner*, *Spen.* 556, 560; *Bennett* v. *Child*, 19 *Wis.* 362; see *Bolles* v. *State Trust Co.*, 12 *C. E. Gr.* 308; *Needham* v.

See *v*. Zabriskie.

debtor from the embarrassment to which he would be subjected by the action of the assignee, in including in his
inventory property of the assignor which, as the court supposed, did not pass by the assignment.   This view was
erroneous.   The orphans' court has not the power to relieve
the debtor in this way.   Such relief can only be obtained
by the debtor by application to this court.   But, if the jurisdiction of the orphans' court were conceded, the order is
erroneous.   If the debtor's property under the bequest, be
considered as it stood at the common law, the whole income
passed by the assignment.   *Bolles* v. *State Trust Co.*, 12 *C.*
*E. Gr.* 308; *Outcalt* v. *Van Winkle*, 1 *Gr. Ch.* 513.

Under the acts intended to secure to married women the
separate use of their property, the husband, in this case,

*Branson*, 5 *Ired.* 426.   He may maintain trespass for wood cut and carried away.   *Fairchild* v. *Chastellux*, 1 *Barr* 176.

The husband's interest in the estate of a husband and wife in land,
cannot be sold at law under an execution against the husband.   *Thomas*
v. *De Baum*, 1 *McCart.* 37; *Davis* v. *Clark*, 26 *Ind.* 424; *Chandler* v. *Cheney*,
37 *Ind.* 391; *Roanes* v. *Archer*, 4 *Leigh* 550; *Garner* v. *Jones*, 52 *Mo.* 68;
*Carter* v. *Beals*, 44 *N. H.* 407; *Almond* v. *Bonnell*, 76 *Ill.* 536; *Jackson* v.
*McConnell*, 19 *Wend.* 175, 178; *Gentry* v. *Wagstaff*, 3 *Dev.* 270.   Contra,
*Beach* v. *Hollister*, 3 *Hun* 519; *Ames* v. *Norman*, 4 *Sneed* 683; *Brown* v.
*Gale*, 5 *N. H.* 416: *Bennett* v. *Child*, 19 *Wis.* 362; see *Howe* v. *Blanden*, 21
*Vt.* 315; *Stoebler* v. *Knerr*, 5 *Watts* 181.

But the husband's share may be applied in equity to pay his debts,
provided the wife's interest is not affected.   *Cochran* v. *Kerney*, 9 *Bush.*
(*Ky.*) 199; *Tupper* v. *Fuller*, 7 *Rich. Eq.* 170; *Rivers* v. *Thayer*, *Ib.* 136, 166.

The estate of the husband is subject to a mechanic's lien for a debt
contracted by him.   *Washburn* v. *Burns*, 5 *Vr.* 18.

If the wife survive her husband, she may recover such lands sold by
the execution creditor of her husband.   *French* v. *Mehan*, 56 *Pa. St.*
286; *Brownson* v. *Hull*, 16 *Vt.* 309.

Nor can such purchaser deprive the wife of her possession, even
during the husband's lifetime.   *McCurdy* v. *Canning*, 64 *Pa. St.* 39; but
see *Ames* v. *Norman*, 4 *Sneed* 683, 697.

After the death of her husband, the life interest of a wife in a chattel is subject to execution for her debts.   *Pringle* v. *Allen*, 1 *Hill's Ch.*
135; see *Harding* v. *Springer*, 2 *Shep.* 407.

For the construction of a recent Connecticut statute, providing that
where lands owned by husband and wife are seized for the husband's
debt, the sheriff shall convey to the wife upon tender of the amount
of the judgment, see *Whedon* v. *Gorham*, 38 *Conn.* 408; and, in case of a
similar statute in Iowa, see *McTighe* v. *Bringolf*, 42 *Ia.* 455.

Bank shares transferred to a husband and wife, will pass by an
assignment of the husband's personal estate, and the assignee's title

would be entitled only to an equal share of the income with his wife. His share passed by the assignment. The orphans' court appears to have considered the bequest as an entirety, legally incapable of partition, as a bequest to husband and wife for their joint benefit, and, therefore, on the ground that each is entitled to the benefit of the whole, not divisible. It is to be remembered that the bequest is merely the gift of the income to the debtor and his wife for their lives. In *Washburn* v. *Burns*, 5 *Vr.* 19, it was held that where land is conveyed to husband and wife in fee, the husband is entitled to the use and possession of the property during the joint lives of himself and his wife, and that he has a life estate in the whole property. The question of the effect of our acts, above referred to, in favor of married women, was

---

will be perfect upon the death of the wife before her husband. *Slay-maker* v. *Gettysburgh Bk.*, 10 *Pa. St.* 373 ; see *Krumbaar* v. *Burt*, 2 *Wash. C. C.* 406 ; *Outcalt* v. *Van Winkle*, 1 *Gr. Ch.* 513.

A statute converting joint tenancies into tenancies in common, does not apply to an estate held by husband and wife. *Den.* v. *Hardenbergh*, 5 *Hal.* 42 ; *Thomas* v. *DeBaum*, 1 *McCart.* 37 ; *McDermott* v. *French*, 2 *McCart.* 78 ; *McCurdy* v. *Canning*, 64 *Pa. St.* 39 ; *McDuff* v. *Beauchamp*, 50 *Miss.* 531 ; *Arnold* v. *Arnold.* 30 *Ind.* 305 ; *Wright* v. *Saddler*, 20 *N. Y.* 320 ; 1 *Bish. Mar. Wom.* § 615, and cases cited in notes.

The entirety of estate conveyed to husband and wife, and right of survivorship, are not destroyed by the married woman's acts. *Farmers Bk.* v. *Gregory*, 49 *Barb.* 155 ; *Freeman* v. *Barber*, 3 *N. Y. Sup. Ct.* 574 ; *Beach* v. *Hollister*, 3 *Hun* 519 ; *Fisher* v. *Provin*, 25 *Mich.* 357 ; *Auman* v. *Auman*, 21 *Pa. St.* 343 ; *bates* v. *Seely*, 46 *Pa. St.* 248 ; *Driver* v. *Driver*, 56 *Pa. St.* 106 ; *McCurdy* v. *Canning.* 64 *Pa. St.* 39 ; *Arnold* v. *Arnold*, 30 *Ind.* 305 ; *Chandler* v. *Cheney*, 37 *Ind.* 391 ; *Bennett* v. *Child*, 19 *Wis.* 362 ; *McDuff* v. *Beauchamp*, 50 *Miss.* 531 ; *Robinson* v. *Eagle*, 29 *Ark.* 202. CONTRA, *Cooper* v. *Cooper*, 76 *Ill.* 57 ; *Hoffman* v. *Stigers*, 28 *Ia.* 302 ; *Walthall* v. *Goree*, 36 *Ala.* 728 ; *Elliott* v. *Nichols*, 4 *Bush* (*Ky.*) 502.

The Married Woman's Act does not apply to a joint lease of land to a husband and wife. *Goelet* v. *Gori*, 31 *Barb.* 314.

A promissory note given to a husband and wife, will not, since the Married Woman's Act, be presumed to be the sole property of the wife. *Work* v. *Glaskins*, 33 *Miss.* 539 ; see *Trimble* v. *Reis*, 37 *Pa. St.* 448.

*Query.* Whether it would be *constitutional* for the legislature to change the nature of such estate during the lifetime of both husband and wife, so as to defeat the *jus accrescendi* of the survivor. See *Dunn* v. *Sargeant*, 101 *Mass.* 336 ; *Westervelt* v. *Gregg*, 2 *Kern.* 202 ; *Hill* v. *Chambers*, 30 *Mich.* 422 ; *Magee* v. *Young*, 40 *Miss.* 164 ; *Porch* v. *Fries*, 3 *C. E. Gr.* 204 ; *Henry* v. *Dilley*, 1 *Dutch.* 302 ; *Mellinger* v. *Bausman*, 45 *Pa. St.* 522 ; *Stearns* v. *Weathers*, 30 *Ala.* 712 ; *Price* v. *Sessions*, 3 *How.* (*S. C.*) 624.—REP.

not considered nor raised in that case. It has been held in other states, where like statutes exist, that the common law right of the husband is abridged, and that he does not hold a life estate in the whole property to the exclusion of his wife, but that her right to the enjoyment of the estate, as joint tenant with him therein, is secured by the acts referred to. *McCurdy* v. *Canning*, 64 *Penn.* 39; *Freeman on Partition*, § 75. The debtor in this case was, when the assignment was made, entitled to one-half of the income in question. The order appealed from will be reversed, with costs.